# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2079

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kelvin Coleman, also known as | * | |
| Pete Coleman, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: November 12, 2001

Filed: March 26, 2002

———————

Before WOLLMAN[1], Chief Judge, BOWMAN and STAHL,[2] Circuit Judges.

———————

BOWMAN, Circuit Judge.

———————

[1] The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[2] The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

A jury convicted Kelvin Coleman of cocaine offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b) (1994). The District Court[3] sentenced Coleman to seventy months in prison. In this appeal, Coleman argues that the District Court committed reversible trial error in five instances. We briefly address each instance and affirm the District Court.

First, Coleman argues that the District Court erred in allowing an undercover agent to testify as to the meaning of a certain phrase uttered by Coleman. This phrase was heard by the jury when they were shown a videotape of the drug transaction for which Coleman was convicted. We review the District Court's ruling for abuse of discretion. See United States v. Brown, 110 F.3d 605, 609 (8th Cir. 1997). The undercover agent in this case contemporaneously heard Coleman use certain drug jargon during the undercover operation. During the trial, the agent testified to the meaning of certain portions of the conversation. The District Court allowed the testimony in the agent's capacity as both a witness to the statements and as a law-enforcement officer with experience in drug jargon. See United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001) (holding that a witness to a conversation may testify to its meaning). The District Court's admission of the undercover agent's testimony was not an abuse of discretion.

Second, Coleman argues that the District Court improperly admitted evidence of a previous, uncharged sale of crack by the defendant. Again, we review the District Court's ruling for an abuse of discretion. See United States v. Davidson, 195 F.3d 402, 408 (8th Cir. 1999), cert. denied, 528 U.S. 1180, 529 U.S. 1093 (2000). Because Coleman claimed a defense of entrapment, evidence of prior bad acts was admissible to show Coleman's predisposition to the bad acts. See United States v. Crump, 934 F. 2d 947, 953 (8th Cir. 1991). Also, the Federal Rules of Evidence

---

[3] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

allow admission of evidence of "other crimes, wrongs, or acts" to show proof of motive, intent, or preparation if, among other reasons, the evidence is of bad acts similar and not overly remote in time to the crime committed. Fed. R. Evid. 404(b); see also United States v. Green, 151 F. 3d 1111, 1113 (8th Cir. 1998). The evidence admitted by the District Court was evidence of a previous drug-dealing incident by Coleman with the same agent in the recent past. The District Court did not abuse its discretion in admitting this evidence.

Third, Coleman argues that the District Court erroneously instructed the jury regarding Coleman's testimony. When a claim of error in a jury instruction is raised for the first time on appeal, as this one is, we review the instruction for plain error. See United States v. Bordeaux, 121 F.3d 1187, 1189 (8th Cir. 1997). During Coleman's testimony at trial, he recalled conversations with a confidential informant. These conversations, which Coleman described and argued were exculpatory as evidence of entrapment, focused on certain promises made by the confidential informant regarding sexual favors for Coleman. The government objected to this testimony as hearsay; the court overruled the objection on the ground that the testimony was not offered as proof of the matter asserted. Later, the District Court sua sponte instructed the jury as to the limited nature of the Coleman's testimony. After review, we acknowledge that the District Court's instruction could have been clearer, but we conclude that the District Court did not commit plain error within the judicially defined meaning of that term. See United States v. Olano, 507 U.S. 725, 731-37 (1993) (defining "plain error").

Fourth, Coleman claims that the government failed to rebut his defense of entrapment. Coleman testified at trial regarding this defense, which the jury rejected. Similarly, the District Court denied a post-trial motion for judgment of acquittal. Entrapment is an affirmative defense generally left to the jury, see Crump, 934 F.2d at 956, and the entrapment defense requires evidence that an agent of the government developed the criminal plan and that the defendant was not predisposed to commit the

crime independent of the government's actions, <u>United States v. Brooks</u>, 215 F.3d 842, 845 (8th Cir. 2000). We have reviewed the District Court's denial of Coleman's motion for acquittal (and, necessarily, the jury verdict as well) in the light most favorable to the government, and we affirm the denial. <u>See</u> <u>United States v. Hinton</u>, 908 F.2d 355, 357 (8th Cir. 1990) (standard of review).

Fifth, Coleman argues that the District Court erred in assessing Coleman's criminal history for purposes of sentencing. Coleman argues that previous misdemeanor convictions were improperly considered by the District Court in sentencing. We are unpersuaded. Our review of the law reveals precedent of this Court allowing misdemeanor convictions to enter sentencing calculations. <u>See</u> <u>e.g.</u>, <u>United States v. Porter</u>, 14 F.3d 18, 19 (8th Cir. 1994). After de novo review of this question of law, <u>see</u> <u>United States v. Drapeau</u>, 188 F.3d 987, 990 (8th Cir. 1999), we hold that the District Court properly considered Coleman's criminal history for sentencing purposes.

Lastly, we need not consider additional issues raised by Coleman in his pro se supplemental brief because Coleman is represented by counsel in his appeal. <u>See</u> <u>United States v. Martin</u>, 59 F.3d 767, 768 n.2 (8th Cir. 1995).

Coleman's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-