# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2927

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| David Kemmerling, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2002

Filed: April 2, 2002

_____

Before MCMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

David Kemmerling appeals the judgment of the district court[1] finding him
guilty of one count of sexually exploiting children, *see* 18 U.S.C. § 2251(a), after
having twice been convicted of offenses "relating to the sexual exploitation of

_____

[1]The Honorable Michael J. Melloy, then United States District Judge for the
Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit
Court of Appeals.

children," 18 U.S.C. § 2251(d), and four counts of possessing of child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B). We affirm.

After Mr. Kemmerling's arrest, a search of his home pursuant to a warrant led to the seizure of a number of items including photographs, rolls of undeveloped film, videotapes, computer disks, and three computers. Photographs developed from the film depict the genitalia of a male child who resided in the same trailer park as Mr. Kemmerling; one of the videotapes depicts the genitalia of another male child who also resided in that trailer park. Other photographs, computer images, and videotapes depict children, in varying stages of dress, whose identities are unknown. On appeal, Mr. Kemmerling challenges the district court's finding after a bench trial that several of the photographs and computer images and one videotape seized from his home are child pornography within the meaning of the relevant statute.

When the district court is the finder of fact, we are obligated to uphold its findings unless they are clearly erroneous. *See United States v. R.E.J.,* 29 F.3d 375, 375 (8th Cir. 1994) (citing *United States v. Doe,* 871 F.2d 1248, 1255 (5th Cir. 1989), *cert. denied*, 493 U.S. 917 (1989)). The meaning of relevant statutes is a matter of law, which we review *de novo*. *See United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999), *cert. denied*, 529 U.S. 1029 (2000).

Federal law defines "child pornography" as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture ... of sexually explicit conduct, where ... such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct," 18 U.S.C. § 2256(8)(B). "Sexually explicit conduct" includes the "actual or simulated ... lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(E).

We have held that more than mere nudity is required before an image can qualify as "lascivious" within the meaning of the statute. *See Horn,* 187 F.3d at 789.

A picture is "lascivious" only if it is sexual in nature. Thus, the statute is violated, for instance, when a picture shows a child nude or partially clothed, when the focus of the image is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer. *See id.*

We emphasize that the relevant factual inquiry in this case is not whether the pictures in issue appealed, or were intended to appeal, to Mr. Kemmerling's sexual interests but whether, on their face, they appear to be of a sexual character. If not, they are not illegal under the statute, because they are not lascivious. In other words, it is the duty of the trier of fact in this kind of case to examine the pictures to determine whether they are designed to appeal to the sexual appetite, as, for instance, by exhibiting a sexual coyness or focusing on the pubic area of the subject in a way that is lewd or lurid.

Mr. Kemmerling maintains that the images on the photographs, computers, computer disks, and videotape are not pornographic because they do not depict a location or pose suggestive of sexual activity, they fail to suggest sexual coyness or willingness to engage in sexual activity, and they do not appear to be intended to create a sexual response in the viewer. We disagree.

While some of the images in the present case may not depict a location or pose suggestive of sexual activity and may not suggest sexual coyness or willingness to engage in sexual activity, it was not clearly erroneous to conclude that some do. A factfinder could decide, moreover, without being clearly wrong, that the other pictures are lascivious because they are of children who are nude or partially clothed, the focus of the images is the child's genitals or pubic area, and their purpose appears to be to elicit a sexual response from the viewer. These images were not designed, for instance, simply to provide a clinical view of the portions of the children's anatomy that are pictured. We therefore discern no clear error in the district court's findings of fact.

Mr. Kemmerling argues that the lascivious character of the images in issue is a matter that we are required to review *de novo* in order to ensure that the first amendment has not been infringed. *See United States v. Amirault*, 173 F.3d 28, 32-33 (1st Cir. 1999); *cf. United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001). Assuming, without deciding, that Mr. Kemmerling is correct, we nevertheless uphold his convictions because our independent evaluation of the images leads us, as it did the district court, to the conclusion that they are lascivious within the meaning of the statute.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.