# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2432

_____

United States of America,

          Appellee,

          v.

Mariano Huerta-Orosco, also known as
Poncho Lopez-Orosco, also known as
Tony, also known as Alfredo Lopez,

          Appellant.

        \*
        \*
        \*
        \* Appeal from the United States
        \* District Court for the
        \* Northern District of Iowa
        \*
        \*
        \*
        \*
        \*

_____

Submitted:  December 11, 2002

Filed:  August 20, 2003 (Corrected: 8/21/03)

_____

Before McMILLIAN, JOHN R. GIBSON, and BYE, Circuit Judges.

McMILLIAN, Circuit Judge.

Mariano Huerta-Orosco ("defendant") appeals from a final judgment entered in the United States District Court for the Northern District of Iowa[1] upon a jury verdict finding him guilty of conspiracy to distribute methamphetamine, crack cocaine, and powder cocaine in violation of 21 U.S.C. § 846. United States v.

_____

[1]The Honorable Donald E. O'Brien, District Judge, United States District Court for the Northern District of Iowa.

Huerta-Orosco, No. CR 01-4002 (N.D. Iowa Oct. 26, 2001). For reversal, defendant argues that the district court abused its discretion by allowing the government to cross-examine him regarding his status as an illegal alien, and therefore his conviction should be reversed and his case remanded for a new trial. For the reasons discussed below, we affirm the judgment of the district court.

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

## BACKGROUND

On July 19, 2001, defendant was charged in a second superseding indictment under 21 U.S.C. § 846 with conspiracy to distribute 500 grams or more of methamphetamine, 50 grams or more of crack cocaine, and 500 grams or more of powder cocaine. The case proceeded to trial on October 23, 2001. Prior to the presentation of defendant's case, the government informed the court that, if defendant testified, it intended to question defendant about a prior felony conviction for impeachment purposes. Defendant was convicted in 1992 for a drug-trafficking offense involving the sale of methamphetamine. As a result of this conviction, defendant, who came to the United States from Mexico in 1981, was deported. Defendant moved *in limine* to prevent admission of this evidence, arguing that it would be unfairly prejudicial to allow inquiry into defendant's prior drug felony conviction while defendant was facing similar charges. The district court denied defendant's motion, ruling that the government could cross-examine defendant about the fact of the conviction, but could not inquire into the nature of the conviction.

Defendant proceeded to testify at trial and denied any involvement in drug dealing. Defendant admitted having a prior felony conviction. Defendant also testified that, shortly before he was arrested, he won $1,009,072 playing slot

machines at a riverboat casino, but had the casino issue a check for $36,000 to his girlfriend, Pamela Rosales, because he did not "have any papers."[2] Trial Transcript at 380-81. Defendant testified that he "lost [his] papers when [he] was in jail in California for a felony [he] had." Id. at 381. He also testified that he could only find work in construction since he did not "have [his] papers," id. at 386, and that his father, mother, and five brothers were "legal." Id. at 382. In addition, defendant testified that one of the witnesses who testified against him had gotten married to "fix her papers." Id. at 384.

Following defendant's direct examination, the district court held a side-bar conference to discuss possible objections that might arise during cross-examination. Counsel for the government indicated that he wanted defendant "to acknowledge that he [was] in this country illegally" and again requested permission to inquire into the nature of the 1992 conviction. Id. at 387. The district court refused to change the ruling, and reiterated that the government was not to inquire into the nature of the conviction. The district court then addressed whether or not the government could inquire into the issue of defendant's lost immigration papers or his illegal status. Defense counsel objected on the grounds that such inquiry was improper impeachment. The district court ruled that allowing the government to ask about the "lost papers" would not prejudice defendant. During cross-examination, defendant again admitted to his prior felony conviction and that he been deported and "lost his

---

[2]Although not entirely clear from the record, it appears defendant raised the issue of his gambling winnings to show that Pamela Rosales and her mother had implicated him in drug dealing in order to keep the money. Defendant testified that shortly after he won the money, Ms. Rosales's mother informed the police that he was selling drugs. He also stated that he had not received any additional money, or information about the money, after his arrest. Trial Transcript at 379-83. Defendant may have also raised the gambling winnings to explain how he was able to send $15,000 to his mother in Modesto, California. Id. at 385.

papers" as a result. Id. at 388-89. Defendant also responded affirmatively to the government's inquiry as to whether he was currently without immigration papers. Id.

On July 23, 2001, the jury convicted defendant of conspiracy to distribute methamphetamine, crack cocaine, and powder cocaine. The district court sentenced defendant to a term of 360 months of imprisonment, 10 years of supervised release, and a $100 special assessment. This appeal followed.

## **DISCUSSION**

Defendant argues that he was unfairly prejudiced by the district court's decision to allow the government to cross-examine him regarding his illegal status. Defendant contends that the fact that he was an illegal alien at the time of his alleged involvement in the drug trafficking conspiracy has no bearing on his guilt or innocence. Relying on United States v. Cruz-Padilla, 227 F.3d 1064 (8th Cir. 2000), defendant argues that the government's questions were intended to unfairly capitalize on the prejudices of the jury. See id. at 1069 (noting "[t]he government's repeated references to Cruz-Padilla's [illegal] status reinforced to the jury his foreign origin and contributed nothing of a legitimate evidentiary value"). Moreover, defendant argues that he did not open the door to the government's questions concerning his deportation and that the references he made regarding missing papers during direct examination were so vague that the jury would not have connected them to his illegal status.

The parties dispute the applicable standard of review. Defendant argues that the district court's decision to allow the government to question him about his citizenship status should be reviewed under an abuse of discretion standard. United States v. Coleman, 284 F.3d 892, 894 (8th Cir. 2002). Defendant argues that he objected to the line of questioning shortly before the government began cross-examination, and once the district court ruled that it would allow the government to

proceed, he was not required to renew his objection during cross-examination in order to preserve the error for appeal. See Fed. R. Evid. 103(a) ("[O]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer proof to preserve a claim of error for appeal."). The government argues, however, that the plain error standard of review applies because defendant failed to object to the evidence during cross-examination and raises the issue for the first time on appeal. See United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997) (standard of review is plain error when defendant raises issue for the first time on appeal).

Normally, defendant would be correct that he was not required to renew his objection in order to preserve the error for appeal because defendant raised the objection during the side-bar conference conducted immediately prior to the government's cross-examination. See Fed. R. Evid. 103(a); In re Air Crash at Little Rock Ark., on June 1, 1999, 291 F.3d 503, 515 (8th Cir. 2002) (holding an objection to witness's testimony made at trial approximately one hour before the witness testified was sufficient to preserve the issue for appeal). In this case, however, defendant waived his objection to the introduction of the evidence by presenting it himself during direct examination. See United States v. Beason, 220 F.3d 964, 968 (8th Cir. 2000) ("It is fundamental that where the defendant 'opened the door' and 'invited error' there can be no reversible error.") (quoting United States v. Steele, 610 F.2d 504, 505 (8th Cir. 1979)). The Supreme Court has observed that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." Ohler v. United States, 529 U.S. 753, 755 (2000). See also United States v. Hawkins, 215 F.3d 858, 860 (8th Cir. 2000) (applying Ohler to stipulated evidence introduced by both parties). Similarly, when an appellant raises an issue during direct examination, he or she waives any objection to admission of that evidence. See Jones v. Collier, 762 F.2d 71, 72-73 (8th Cir. 1985) (appellant waived objection to admission of prior convictions by presenting such evidence during direct examination).

In the present case, defendant raised the issue regarding his lost immigration papers in an apparent attempt to account for the alleged gambling winnings – before the district court had ruled that the government could question him about his lost papers. The government had not given any prior indication that it intended to inquire into defendant's illegal status, nor had defense counsel sought to preclude the government from introducing such evidence. Thus, this case is unlike cases where a defendant introduces the potentially damaging evidence only after the defense motion to exclude had been denied. See id.; United States v. Vega, 776 F.2d 791, 792 (8th Cir. 1985) (defendant waived right to appeal district court's denial of pretrial motion to exclude a prior conviction by introducing the evidence during direct examination). In this case, defendant did not seek to exclude such evidence until after he introduced it. Based on the foregoing, we hold that defendant's repeated references to "lost papers" during his direct examination precludes appellate review. See United States v. Johnson, 720 F.2d 519, 522 (8th Cir. 1983) (holding appellate review of district court's denial of defendant's *in limine* motion to prohibit cross-examination regarding his prior felony convictions was precluded where defendant introduced the convictions during direct examination).

## CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, COURT OF APPEALS, EIGHTH CIRCUIT.