# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-1572

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kevin James Petroske

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

————————

Submitted: March 14, 2019
Filed: July 2, 2019

————————

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

————————

ERICKSON, Circuit Judge.

Kevin Petroske was found guilty of eight counts of production or attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and one count of possession of child pornography in violation of 18 U.S.C. §§

2252(a)(4)(B) and 2252(b)(2). The district court[1] denied Petroske's post-verdict motions for acquittal or a new trial, and sentenced him to concurrent 240-month sentences on each count. Petroske appeals, asserting that several district court rulings require reversal and a new trial. We affirm.

## I.  Background

In October of 2015, the Hibbing, Minnesota, Police Department received a report that a man was peering into a residence. Police were dispatched to the location and found Petroske hiding in a shed in the backyard of a nearby residence.

Law enforcement officers sought and obtained a warrant authorizing a search of Petroske's residence. During the search, officers seized a laptop computer. A forensic examination of the laptop revealed a number of video files involving minors, some of whom lived in the Hibbing area. The examination also revealed a Word document in which Petroske summarized the steps he took to produce the videos and, in his words, obtain "sexual gratification."

The videos at issue involved surreptitious recordings of four minors in their own homes. The minors were in various states of undress, such as before or after exiting a shower. In several of the videos, Petroske can be heard making suggestive remarks. The videos were located in a computer folder focused on voyeuristic pornography. Petroske had a history of being involved in similar activity, having previously been convicted of felony stalking and a gross misdemeanor for interference with privacy near St. Cloud, Minnesota.

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Petroske was charged with eight counts of production or attempted production of child pornography and one count of possession of child pornography. Six of the production and attempted production counts contained audio of Petroske's voice in addition to the video recording. Petroske moved *in limine* to exclude the audio portion of the recordings as being unfairly prejudicial. The district court denied the motion, concluding the audio was relevant to determine whether the images were intended to elicit a sexual response and to establish the necessary intent to prove attempt.

Petroske also sought a pretrial ruling that, as a matter of law, none of the eight videos included a lascivious exhibition of the genitals of a minor. After reviewing the videos, the court determined that five of the videos supported at most attempted production of child pornography and the other three videos created a jury question on whether they established attempted production or production of child pornography.

Petroske testified at trial, explaining on direct examination that he had a compulsion to engage in voyeurism. During his testimony, Petroske told the jury how and why he produced voyeuristic videos. During cross-examination, Petroske confirmed that his goal in filming was to capture depictions of the victims' genitals.

Petroske objected to the following proposed jury instruction defining "lascivious exhibition:"

> Visual depictions of children acting innocently can be considered lascivious if they are intended by the producer or editor to be sexual. The relevant inquiry is not whether the visual depictions appealed or were intended to appeal to the defendant's sexual interests, but whether, on their face, they appear to be of a sexual character.

The district court overruled Petroske's objection on the ground that the instruction accurately described the law.

Before giving the jury the verdict form, the district court expressed concerns to counsel that some of Petroske's testimony on cross-examination ran the risk of inflaming the jurors' passions. After hearing from counsel, the court gave a curative instruction that reminded the jury that Petroske was not on trial "for trespassing or stalking or [in]vading privacy or being a peeping tom" and directed the jury to remain focused on the essential elements of the counts. The jury eventually found Petroske guilty of five counts of attempted production of child pornography, three counts of production or attempted production of child pornography, and one count of possession of child pornography.

Petroske moved for a judgment of acquittal, renewing his claim that the content in the videos did not involve a lascivious exhibition of the genitals. Alternatively, Petroske moved for a new trial on the ground that the jury's passions were inflamed because of statements that were not relevant to the charges. The district court denied the motions, holding that a reasonable jury could have found Petroske guilty of each of the counts. In doing so, the court noted that it was unlikely the jury decided the case on an improper basis. The court expressed confidence that the jury would have convicted Petroske with or without the disputed testimony.

## II. Discussion

### A. Evidentiary Rulings

"We review the district court's evidentiary rulings, including its ruling[s] on motions in limine, for an abuse of discretion." United States v. Jirak, 728 F.3d 806, 813 (8th Cir. 2013) (quoting United States v. Parish, 606 F.3d 480, 486 (8th Cir. 2010)). "[W]e will not reverse a conviction if an error was harmless." United States v. Donnell, 596 F.3d 913, 919 (8th Cir. 2010) (citing United States v. Espinosa, 585 F.3d 418, 430 (8th Cir. 2009)). "The test for harmless error is whether the erroneous evidentiary ruling had a substantial influence on the jury's verdict." Id. (internal

quotation marks omitted) (quoting United States v. Lupino, 301 F.3d 642, 645 (8th Cir. 2002)).

Petroske argues that the audio content of the videos was unfairly prejudicial such that exclusion of the audio was required under Federal Rule of Evidence 403. Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case." United States v. McCourt, 468 F.3d 1088, 1092 (8th Cir. 2006) (quoting United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006)). Rather, the "rule protects against evidence that is *unfairly* prejudicial." Id. (quoting Johnson, 463 F.3d at 809).

"[M]ore than mere nudity is required before an image can qualify as 'lascivious' within the meaning of the [child pornography] statute." United States v. Kemmerling, 285 F.3d 644, 645–46 (8th Cir. 2002). Lasciviousness may be found when an image of a nude or partially clothed child focuses on the child's genitals or pubic area and is intended to elicit a sexual response in the viewer. Id. at 646. In determining whether the statute was violated, we analyze "not whether the pictures in issue appealed, or were intended to appeal" to the videographer's sexual interests but whether "on their face, they appear to be of a sexual character." Id.

In this case, Petroske's intent is critical to establishing the attempt charges. Petroske's statements on the videos were probative as to whether Petroske intended to produce lascivious footage and were relevant for the jury to consider whether the videos on their face were of a sexual nature. Cf. United States v. Sims, 708 F.3d 832, 835 (6th Cir. 2013) (discussing 18 U.S.C. § 2251(a), (e) and explaining that to convict on charge of attempted production of child pornography the government had to show beyond a reasonable doubt that the defendant "specifically intended to create

child pornography" when he filmed a minor through her window). The district court did not abuse its discretion in admitting the audio components of the videos.[2]

### B.    Jury Instructions

We review jury instructions for abuse of discretion. United States v. Dvorak, 617 F.3d 1017, 1024 (8th Cir. 2010) (citing United States v. Gill, 513 F.3d 836, 849 (8th Cir. 2008)). "In conducting such review, this court must determine whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Id. (quoting United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000)).

Petroske challenges the instruction on two grounds. First, he argues that the instruction allowed the jury to find lascivious exhibition without requiring it to find that the videos depict the minors engaged in sexually explicit or suggestive conduct. But the "fact that the young women in the videos were not acting in an obviously sexual manner, suggesting coyness or a willingness to engage in sexual activity, does not necessarily indicate that the videos themselves were not or were not intended to be lascivious." United States v. Johnson, 639 F.3d 433, 440 (8th Cir. 2011). Whether or not a video involves a "'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video." United States v. Ward, 686 F.3d 879, 883 (8th Cir. 2012) (quoting United States v. Horn, 187 F.3d 781, 790 (8th Cir. 1999)). The jury was thus properly instructed in this regard.

Second, Petroske asserts the instruction is inconsistent in instructing the jury to disregard whether the depictions appealed to Petroske's sexual interests but to focus on whether Petroske intended the depictions to be of a sexual character. In

---

[2]Given Petroske's self-incriminating testimony, any error that might exist would be harmless beyond a reasonable doubt.

determining whether depictions are lascivious, "the relevant factual inquiry . . . is not whether the pictures in issue appealed, or were intended to appeal, to [a defendant's] sexual interests but whether, on their face, they appear to be of a sexual character." Kemmerling, 285 F.3d at 646. We see no inconsistency between instructing the jury that it could not consider Petroske's own sexual interests, but could consider whether Petroske, as the producer or editor of the videos, intended for the depictions to be sexual because the two statements are not mutually exclusive. A producer or editor of a lascivious depiction of children may intend for the depiction to be sexual, regardless of his own personal sexual interests. Upon careful review, we are satisfied that the jury instructions fairly and adequately informed the jury on the applicable law.

## C.      Denial of Motion for Judgment of Acquittal

"We review the denial of a motion for acquittal *de novo* . . . viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence." United States v. Samuels, 611 F.3d 914, 917 (8th Cir. 2010) (citations omitted). "A jury verdict will not lightly be overturned." Id. (citing Donnell, 596 F.3d at 924). "We will affirm if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Lohse, 797 F.3d 515, 520 (8th Cir. 2015) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The meaning of "lascivious exhibition of the genitals or pubic area" is a matter of law reviewed *de novo*. Horn, 187 F.3d at 789. Whether the materials actually depict a lascivious exhibition is a question of fact. Kemmerling, 285 F.3d at 645. We have considered the following factors to determine whether or not images meet the lasciviousness requirement:

(1) whether the focal point of the image is on the minor's genital or pubic area; (2) whether the setting of the image is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the image is intended to elicit a sexual response in the viewer.

Id. (citing United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986)). In addition to these six "Dost factors," we have suggested analyzing "(7) whether the image portrays the minor as a sexual object; and (8) any captions on the images." Id. (citing Eighth Circuit Model Criminal Jury Instructions 6.18.2252A).

The elements of attempt are "intent to commit the predicate offense" and "conduct that is a substantial step toward its commission." United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010) (quoting United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir. 2007)). A reasonable jury could have found beyond a reasonable doubt that Petroske intended to create child pornography and took a substantial step toward doing so by recording the videos. Petroske's own testimony at trial indicated that he intended to capture the children while they were nude and that, in particular, he wanted the videos to capture depictions of their genitals. The audio associated with the videos confirms his trial testimony and demonstrates that he intended for the videos to be sexually suggestive. There was sufficient evidence for a jury to conclude that Petroske attempted to produce child pornography.

Similarly, after considering the Dost factors and the two additional factors we identified in Kemmerling, there is sufficient evidence for a reasonable jury to find Petroske guilty of production of child pornography. Petroske's own statements on the videos indicate that the videos were intended to elicit a sexual response in the viewer. They also constitute audio "captions" to the videos that tend to portray the minors as sexual objects. The videos' focus and their nature, combined with

Petroske's statements and testimony, constitute sufficient evidence for a reasonable jury to find beyond a reasonable doubt that the videos were lascivious in nature. We affirm the district court's denial of Petroske's motion for acquittal.

### D. Denial of Motion for New Trial

We review "the denial of a motion for new trial for an abuse of discretion." United States v. Morris, 817 F.3d 1116, 1121 (8th Cir. 2016) (citing Lopez v. United States, 790 F. 3d 867, 871 (8th Cir. 2015)). "Motions for new trials are generally disfavored and will be granted only where a serious miscarriage of justice may have occurred." Id. (citing United States v. Fetters, 698 F.3d 653, 656 (8th Cir. 2012)). If the basis of the motion for a new trial relates to evidence that the defendant failed to object to at trial, we review for plain error. See United States v. Hunter, 862 F.3d 725, 728 (8th Cir. 2017) (discussing Fed. R. Crim. P. 52(b)).

On appeal, Petroske argues that a new trial is warranted because of the prosecutor's questions that he claims focused on his character as a "peeping tom" rather than on the elements of the charges. A defendant waives "his objection to the introduction of the evidence by presenting it himself during direct examination." United States v. Huerta-Orosco, 340 F.3d 601, 604 (8th Cir. 2003). After reviewing the trial transcript, it is evident that the character evidence at issue was volunteered by Petroske on direct examination. In doing so, Petroske waived any challenge to introduction of the evidence. Even if admitting the evidence had been in error, the remaining admissible evidence conclusively established Petroske's guilt such that a reasonable jury would have convicted him with or without it. The district court's limiting instructions to the jury were sufficient to ensure that no serious miscarriage of justice occurred.

## III. Conclusion

We affirm the judgment of the district court.

_____