# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3895

———————————————

United States of America

*Plaintiff - Appellee*

v.

Matthew McCoy

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas

——————————

Submitted: September 22, 2022
Filed: December 15, 2022

——————————

Before SMITH, Chief Judge, KELLY and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

A jury convicted Matthew McCoy of two counts of production of child pornography under 18 U.S.C. § 2251(a). Because the evidence presented at trial was insufficient, we reverse.

# I. Background

McCoy was indicted on two counts of production of child pornography in violation of 18 U.S.C. § 2251(a). The indictment focuses on two secretly recorded videos of M.B., McCoy's then approximately fifteen-year-old cousin, before and after she took a shower in McCoy's master bathroom. The indictment alleged McCoy used M.B. to engage in sexually explicit conduct for the purpose of producing two videos of such conduct.

Holly McCoy, McCoy's now ex-wife, testified at trial. While collecting McCoy's belongings in his closet, Holly found a flash drive. Her brother-in-law later found a hidden video camera while fixing a guest bathroom vent. This discovery prompted Holly to view the contents of the flash drive. The flash drive contained two videos of M.B. before and after she took a shower in McCoy's master bathroom. Based on what the videos captured, Holly deduced that a hidden video camera was placed inside the closet connected to the master bathroom. The flash drive also contained videos and pictures of other nude women who were secretly recorded.

IT Specialist and Forensic Examiner Layne Gimnich examined the contents of the flash drive. He observed two videos of a "naked young woman in a bathroom." Gimnich also examined a Samsung tablet provided by Holly. The tablet contained still images of M.B., which appeared to be "clipped" from one of the videos.

M.B. also testified. On the day of the recording, M.B. tried to take a shower in the guest bathroom of the McCoy household, but the tub was filled with toys and other items. After M.B. asked McCoy what to do in light of the items in the guest bathroom, he told her to instead use the master bathroom. M.B. did not know there was a video camera aimed at the master bathroom.

After the government rested its case, McCoy moved for a judgment of acquittal. Like he does now on appeal, McCoy argued the videos do not show "sexually explicit conduct" as required for a violation of 18 U.S.C. § 2251(a). The district court denied the motion but noted this was "a close case on the facts." The jury ultimately found McCoy guilty on both counts. The district court sentenced McCoy to 210 months of imprisonment. McCoy timely appealed.

## II. Analysis

McCoy argues the evidence presented at trial was insufficient because the videos did not depict M.B. engaging in "sexually explicit conduct" under 18 U.S.C. § 2251(a). "We review challenges to the sufficiency of the evidence de novo, 'viewing the evidence in the light most favorable to the verdict.'" *United States v. Gross*, 23 F.4th 1048, 1052 (8th Cir. 2022) (quoting *United States v. Lussier*, 844 F.3d 1019, 1023 (8th Cir. 2017)). Similarly, we review a statute de novo when a sufficiency argument turns on statutory interpretation. *United States v. Taylor*, 44 F.4th 779, 787 (8th Cir. 2022). "We will reverse a conviction 'only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Allen*, 43 F.4th 901, 911 (8th Cir. 2022) (quoting *United States v. Morrissey*, 895 F.3d 541, 549 (8th Cir. 2018)).

McCoy was convicted under 18 U.S.C. § 2251(a). Section 2251(a) prohibits any person from using a "minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" Congress defined "sexually explicitly conduct" as including "actual . . . lascivious exhibition of the anus, genitals, or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A)(v). Both McCoy and the government focus our attention on the meaning of "lascivious exhibition."

The statute makes clear that any display of the genitals must be "lascivious." *Id.* Consequently, we have repeatedly explained "mere nudity" is not enough to convict. *United States v. Petroske*, 928 F.3d 767, 772 (8th Cir. 2019); *United States*

-3-

*v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009); *United States v. Kemmerling*, 285 F.3d 644, 645–46 (8th Cir. 2002). We have also explained that a visual depiction "is 'lascivious' only if it is sexual in nature." *Wallenfang*, 568 F.3d at 657 (quoting *Kemmerling*, 285 F.3d at 646).

To determine whether the display is lascivious, we "frequently" consider the so-called *Dost* factors. *United States v. Paris*, 816 F.3d 1037, 1039 (8th Cir. 2016) (citing *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986)). Those factors consist of the following:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost*, 636 F. Supp. at 832. The *Dost* factors "are neither definitive nor exhaustive." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999).

It is undisputed that the videos show M.B. nude. But the remaining *Dost* factors do not point toward a lascivious depiction. First, the focal point of the videos is not M.B.'s genitalia. Rather, the videos depict M.B. from a distance, as the hidden video camera was located inside the connecting closet. Nor is the setting sexually suggestive under these circumstances. The videos display innocent daily tasks in a bathroom: getting in and out of the shower, drying off, and using the toilet. While the government emphasizes that M.B. at one point bends over, she is not in an unnatural pose considering the context. Indeed, as the government conceded during oral argument, the videos do not suggest sexual coyness or a willingness to engage

-4-

in sexual activity. After all, there is no indication M.B. knew she was being filmed. *See United States v. Steen*, 634 F.3d 822, 827 (5th Cir. 2011).

Finally, the videos were not intended or designed to elicit a sexual response in the viewer. The government disagrees, arguing "M.B.'s innocent acts of undressing and taking a shower on the videos are lascivious because of McCoy's intent for them to be sexual." In support, the government points to other images and videos presented at trial rather than the content of the two videos of M.B. Even if McCoy intended for the two videos of M.B. to be sexual in nature, the statute does not ask whether the videos were intended to appeal to the defendant's particular sexual interest. Instead, the inquiry is whether the videos, on their face, are of a sexual character. *Petroske*, 928 F.3d at 772; *Wallenfang*, 568 F.3d at 658; *Kemmerling*, 285 F.3d at 646. As our discussion of the other factors demonstrates, the videos are not.

The government also directs us to *United States v. Johnson*, 639 F.3d 433 (8th Cir. 2011). There, a jury found the defendant guilty of attempted sexual exploitation of children under 18 U.S.C. § 2251 after the defendant secretly videotaped minor girls weighing themselves in the nude. *Id.* at 435. The district court later granted the defendant's motion for acquittal because the images were not lascivious. *Id.* at 437. We reversed. In doing so, we noted "it is a violation of § 2251 to attempt to commit the crime defined in subsection (a) of § 2251." *Id.* at 438. We also noted, among other evidence, that one of the videos was zoomed in such that "a reasonable jury could have drawn a fair inference that the camera would have recorded a close-up view of [the minor's] naked pubic area" had she turned around. *Id.* at 437. In the end, the parties' emphasis on whether the videos were actually lascivious was misplaced given the case was submitted to the jury on an attempt theory. *Id.* at 439. Here, by contrast, the jury was instructed on a completed offense under 18 U.S.C. § 2251(a) rather than attempt under 18 U.S.C. § 2251(e). While *Johnson* might support an argument that the evidence was sufficient to support a conviction for attempt, it does not support the conviction here.

In sum, the statute underlying the indictment prohibits a person from using a minor to engage in sexually explicit conduct. Congress, in turn, defined sexually explicit conduct as the lascivious exhibition of genitals—not mere nudity. Applying this statute to the evidence presented at trial, we conclude no reasonable jury could have found McCoy guilty beyond a reasonable doubt.

### III. Conclusion

The evidence was insufficient to support the conviction under 18 U.S.C. § 2251(a). We do not endorse McCoy's behavior but, as with any other case, are constrained by the text of the statute listed in the indictment and our precedent interpreting it. The judgment of the district court is reversed.

_____