[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12887

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL ANTONIO BRACERO-NAVAS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00113-CEM-LHP-1

————————————————

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Rafael Bracero-Navas was found guilty of seven counts of sexual exploitation of a minor and sentenced to 480 months' imprisonment, followed by 15 years' supervised release.  He now appeals his conviction and sentence.  Bracero-Navas argues that the district court charged the jury with an erroneous definition of "lascivious exhibition," and that it erred by failing to group all his counts into a single group under United States Sentencing Guidelines section 3D1.2(b).

After careful review, we affirm.  The district court's "lascivious exhibition" instruction was a correct statement of the law, and the district court did not plainly err by declining to group Bracero-Navas's counts into a single group.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 27, 2021, Bracero-Navas's 16-year-old daughter, J.B., reported inappropriate behavior by Bracero-Navas to her school resource officer.  Bracero-Navas was arrested, tried by a jury, and convicted of seven counts of sexual exploitation of a minor in violation of 18 U.S.C. sections 2251(a) and (e), for seven photographs of J.B. found on his phone.  The photos were pixelated thumbnails that remained on Bracero-Navas's phone after the larger, full-image files were deleted.  Each photo was surreptitiously taken from under J.B.'s closed bathroom door, and in many of them J.B. is seen exiting the shower or sitting on the toilet.  She

is nude in all of them.  The photo from count one (government exhibit 9.1) shows red or pink joggers in the foreground.  The photo from count three (government exhibit 9.3) shows a black and white clothing article on the bathroom floor.  The other five photos (government exhibits 9.2, 9.4, 9.5, 9.6, and 9.7) do not show articles of clothing.

Before trial, Bracero-Navas and the government proposed jury instructions.  Relevant to this appeal, Bracero-Navas objected to the inclusion of this sentence within the definition of "lascivious exhibition":  "Depictions of otherwise innocent conduct may constitute a lascivious exhibition of the genitals or pubic area of a minor based on the actions of the individual creating the depiction."  The district court held a jury charging conference at which Bracero-Navas again objected to the instruction.  The district court overruled the objection, and included the sentence in the lascivious exhibition instruction.

Bracero-Navas also objected to the presentence investigation report, in which the probation officer grouped counts two and four through seven together in a single group under section 3D1.2(a) because they all involved the same victim and there was no evidence that these counts involved separate acts.  The probation officer found that counts one and three occurred on different occasions because of the articles of clothing depicted, and excluded them from grouping because they could not "be considered as one composite harm" under section 3D1.2.  The adjusted offense level for each of Groups One (which contained count one), Two

(which contained count three), and Three (which contained counts two and four through seven) was 34. The probation officer made a multiple count adjustment under guidelines section 3D1.4 by increasing the offense level by three units, for a combined adjusted offense level of 37, because there were three total units assigned. Bracero-Navas's guideline range was 360 months to 2520 months pursuant to U.S.S.G. section 5G1.2(b), because the statutorily authorized maximum was less than the guideline imprisonment range of 360 months to life.

Bracero-Navas objected to paragraphs 43 through 68 of the PSI, specifically disagreeing with the guidelines computation and arguing that all seven counts should be grouped into a single group of closely related counts. He argued that the government had not met its burden of showing even by a preponderance of the evidence "when, where, or even how the images were taken." The probation officer responded by pointing to section 3D1.2(b), comment n.4, to explain that grouping is not authorized under section 3D1.2(b) for "offenses that cannot be considered to represent essentially one composite harm (e.g., robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm)."

The district court gave Bracero-Navas an opportunity to clarify his objections for the record at the sentencing hearing. Bracero-Navas again objected to paragraphs 43 through 68, arguing that "there's no metadata telling us when the pictures were taken, how they were taken," and that they "could all be from a single film, a

single video." He again asserted that the government had not met its burden. In response, the government pointed to the pink joggers in the foreground of exhibit 9.1, and the black and white clothing in exhibit 9.3, neither of which are present in exhibits 9.5 or 9.6, as circumstantial evidence that the phots were taken on at least three different occasions.

The district court overruled Bracero-Navas's objection, finding "confident[ly]" and "unequivocally [that] the photos in 9.1, 9.3, and 9.6 were taken at different times . . . based on a close viewing of what's [i]n the photos, the different patterns of clothes all over the bathroom." The district court adopted the PSI's guidelines calculation. Bracero-Navas objected once more to "the clothing and pattern issue." Over that objection, the district court sentenced Bracero-Navas to 480 months' imprisonment with 15 years' supervised release. This is Bracero-Navas's appeal.

## DISCUSSION

Bracero-Navas asks us to vacate his convictions and sentence because the district court erroneously instructed the jury on the definition of lascivious exhibition and improperly relied on the guidelines commentary to decline grouping all his counts together. He contends that if his counts had all been grouped together, his

total offense level would be 39 and his guidelines range would have been 262 to 365 months.  We address each argument in turn.

*Jury Instruction*

Bracero-Navas argues that the district court "should have sustained [his] objection to the jury instruction" that "[d]epictions of otherwise innocent conduct may constitute a lascivious exhibition of the genitals or pubic area of a minor based on the actions of the individual creating the depiction."

We review de novo the legal accuracy of jury instructions. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).  District courts generally have broad discretion to formulate a jury charge, so long as it "accurately reflects the law and the facts."  *Id.* (citation omitted).  We will not reverse a conviction based on a jury charge unless it (1) inaccurately stated the law or substantially misled the jury, *id.*, and (2) we are "left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations," *United States v. Puche*, 350 F.3d 1137, 1148 (11th Cir. 2003) (cleaned up).

The district court did not err in giving the lascivious exhibition jury instruction because it was an accurate statement of the law.  We said in *United States v. Holmes* that "depictions of otherwise innocent conduct may in fact constitute a 'lascivious exhibition of the genitals or pubic area' of a minor based on the actions of the individual creating the depiction."  814 F.3d 1246, 1251–52 (11th Cir. 2016).  This is the same statement of law that the district court gave the jury.  Bracero-Navas argues that we should abandon

22-12887              Opinion of the Court              7

*Holmes* and hold that "depictions of otherwise innocent conduct cannot constitute lascivious exhibition simply based on the actions or intent of the producer," like the D.C. and Eighth Circuits in *United States v. Hillie*, 39 F.4th 674, 685 (D.C. Cir. 2022), and *United States v. McCoy*, 55 F.4th 658, 661 (8th Cir. 2022), *vacated & reh'g granted*, No. 21-3895, 2023 WL 2440852 (8th Cir. Mar. 10, 2023). But, as Bracero-Navas himself acknowledges, our precedent forecloses his argument.[1] We affirm the convictions.

### Grouping of Counts

Bracero-Navas next argues that the district court relied on the guidelines commentary in declining to group all his counts into one group, which was improper under *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc).

Generally, we review de novo "the district court's decisions regarding grouping" and "its findings of fact only for clear error." *United States v. Nagel*, 835 F.3d 1371, 1374 (11th Cir. 2016) (citation omitted). However, if a defendant does not raise the relevant objection at the time of sentencing, we review the grouping decision for plain error instead of de novo. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

---

[1] "The prior-panel-precedent rule requires subsequent panels of the court to follow the precedent of the first panel to address the relevant issue, 'unless or until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.'" *Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018) (citation omitted).

We review for plain error because Bracero-Navas failed to preserve his objection. To preserve an issue for appeal, a defendant must properly raise it in the district court by "clearly stat[ing] the grounds for [his] objection." *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003); *see also United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (an objection must clearly inform the district court of its legal basis). "The objection must be raised 'in such clear and simple language that the trial court may not misunderstand it.'" *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quoting *Massey*, 443 F.3d at 819). "[A] general objection or an objection on other grounds will not suffice." *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir.), *on reh'g*, 804 F.2d 1208 (11th Cir. 1986). A "defendant also fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory." *Massey*, 443 F.3d at 819 (citation omitted).

Bracero-Navas argues on appeal that "[t]he district court should have grouped [his] offenses together in a single group under [section] 3D1.2(b)" because "[t]he Supreme Court's decision in *Kisor* [*v. Wilkie*, 139 S. Ct. 2400 (2019),] and this Court's en banc decision in *Dupree* prohibit courts from deferring to a [g]uideline's commentary unless the [g]uideline is genuinely ambiguous." Bracero-Navas never made this argument in the district court; he claims for the first time on appeal that section 3D1.2(b) "unambiguously required the district court to place all [his] counts in one group."

Instead, Bracero-Navas objected to his guideline computation in the district court based solely on a dispute of the underlying facts. He argued all his counts should be grouped into a single group of closely related counts under section 3D1.2 because "there is no evidence to determine when, where, or even how the images [of J.B.] were taken." He asserted that "[t]here is zero evidence that these images were created on different dates." This was an objection to the sufficiency of evidence that the photos of J.B. were taken on at least three different occasions. Thus, the district court was not clearly informed of the legal basis for Bracero-Navas's objection. *See Massey*, 443 F.3d at 819.

Bracero-Navas's argument fails under plain error review because he cannot show that any error was plain. For an error to be plain, it must be obvious and clear under current law. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (citation omitted). "[A]n error cannot be plain unless the issue has been specifically and directly resolved by on point precedent from the Supreme Court or this Court." *United States v. Verdeza*, 69 F.4th 780, 794 (11th Cir. 2023) (cleaned up). No such error exists here. Neither the Supreme Court nor we have "specifically and directly resolve[d] the question of whether" section 3D1.2(b) is unambiguous and requires grouping under these circumstances. *Id.* (cleaned up).

## CONCLUSION

The district court did not err by denying Bracero-Navas's objections to its jury instruction or in its grouping decision under section 3D1.2(b).  We affirm.

**AFFIRMED.**