# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2603
_____

United States of America

*Plaintiff - Appellee*

v.

Larry Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: October 20, 2025
Filed: December 9, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, LOKEN and BENTON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Larry Jones of being a felon in possession of a firearm and possessing an unregistered National Firearms Act device in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) and 26 U.S.C. §§ 5841, 5861(d), 5871. The district court[1]

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced him to 47 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In September 2022, Pierre Montgomery called police to Jones's home to assist with a dispute about money owed on a vehicle. When Waterloo police officer Drew Hereid arrived, Montgomery showed him a video of Jones carrying a sawed-off shotgun. Other officers arrived. Montgomery sent them a still image of Jones with the shotgun. Jones told officers that he had a shotgun and that he was a felon. Officers brought him to the police station. There, he told them the gun was in his backyard with a tarp over it. Asked why it looked short, he replied that it was a sawed-off shotgun, so it was shortened. He also told officers there were shotgun shells in his house. Officers located the gun where Jones had described it.

Jones argues that the district court erred by admitting a portion of body-cam footage where Montgomery told an officer that Jones said he would "blow your fucking head off." This court reverses "a district court's evidentiary rulings only if they are a clear abuse of discretion that prejudices the defendant." *United States v. Fechner*, 952 F.3d 954, 958 (8th Cir. 2020). This court will not reverse an error that was harmless. *United States v. Petroske*, 928 F.3d 767, 771 (8th Cir. 2019). "The test for harmless error is whether the erroneous evidentiary ruling had a substantial influence on the jury's verdict." *Id*.

This court need not decide whether the district court erred in admitting the body-cam footage because the evidence of Jones's guilt was overwhelming. At trial, the jury saw the photo of Jones holding the sawed-off shotgun. They heard audio of him telling officers that he had wrapped the shotgun in a tarp, threw it in the back yard, and knew that it was shortened. They heard him describe where the shotgun was in the back yard. They saw body-cam footage of an officer finding the shotgun where Jones described. Any alleged error was harmless. *Id*. at 772 n.2 (noting that "any error that might exist" was harmless given defendant's self-incriminating testimony).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____