# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3316

_____

United States of America

*Plaintiff - Appellee*

v.

Titus J. Miller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 19, 2021
Filed: January 21, 2022

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

Titus J. Miller was convicted of five counts of producing child pornography, in violation of 18 U.S.C. § 2251(a). The district court sentenced him to five consecutive 20-year prison terms and a lifetime of supervised release. It also ordered him to pay an assessment of $50,000 under 18 U.S.C. § 2259A (the "AVAA"). He appeals the sentence and the assessment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part and reverses and remands in part.

I.

Miller asserts the court procedurally erred in imposing consecutive sentences. Miller also believes the sentence was substantively unreasonable. The government contends Miller waived the right to appeal his sentence in his plea agreement. To find waiver, this court must ensure that "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889-890 (8th Cir. 2003) (en banc). "Whether a valid waiver of appellate rights occurred is a question of law" this court reviews de novo. *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

Miller's appeal of his sentence falls within the waiver. As part of the plea, Miller "knowingly and expressly" waived "any and all rights to appeal" his "conviction and sentence," except for a claim of ineffective assistance of counsel. Miller also knowingly and voluntarily entered his plea. At the plea hearing, the court questioned Miller about the voluntariness of his plea and his understanding of the waiver. The court confirmed that Miller understood he was "giving up your right to that appeal process unless you are claiming that you were provided ineffective assistance by your attorney." The court also confirmed he understood "that your waiver of appeal and your waiver of collateral attack apply both to your conviction and to the sentence you have not yet received." The appeal waiver was valid and precludes Miller's appeal of his term of imprisonment. *See generally United States v. Carder*, 814 Fed. Appx. 162, 164 (8th Cir. 2020) (holding the appeal waiver precluded defendant's appeal of his sentence even though the district court misspoke at sentencing).

II.

Miller argues the district court illegally imposed a $50,000 assessment under the AVAA. Specifically, he contends the court erred in failing to "consider 18 U.S.C. § 3553 and 3572 factors in determining the correct amount" to assess. The government again argues the waiver precludes Miller's appeal. Even if the issue

falls within the scope of the waiver, this court will not enforce the waiver if doing so would be a miscarriage of justice. *Andis*, 333 F. 3d at 890. Because there was and continues to be confusion about the $50,000 assessment, this court reverses and remands for clarification.

At sentencing, the court imposed a $50,000 AVAA assessment, indicating that the amount was based on $5,000 per victim. Miller moved to clarify the amount. In a post-judgment Memorandum and Order, the court clarified that it was imposing the "$50,000 AVAA (18 U.S.C. § 2259A) assessment intentionally (a) to provide each of the five children with $5,000 each (to the extent possible) and (b) the balance to [be] paid into the fund for the benefit of other children."

"A monetary penalty under the AVAA is separate and distinct from restitution." *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020). Restitution requires identification of a victim and proof of losses. **18 U.S.C. § 2259(b)(2)**. However, a special assessment does not. Rather than going to individual victims, all assessments "collected under" the AVAA "shall be deposited into the Child Pornography Victims Reserve" fund. **18 U.S.C. § 2259B(a)**.

In the court's post-judgment Memorandum and Order, it ordered $25,000 as an assessment "for the benefit of other children." This is a permissible assessment under the AVAA. *See* **18 U.S.C. § 2259A.** The $25,000 designated to go directly to the victims, however, appears more like restitution than an assessment. The government argues that the Order's phrase "to the extent possible" shows that the court was aware that the "victim families would have to go through the procedure set forth in the AVAA, including the Child Pornography Victim Reserve, to obtain monetary assistance from the Reserve." This is not clear from the Order. This court reverses and remands to the district court to enter an amended judgment specifying whether all $50,000 shall be awarded as an assessment to the Child Pornography Victims Reserve, or whether some part shall be awarded as an assessment to the Reserve and some shall be awarded as restitution under 18 U.S.C. § 2259 to the victims.

\* \* \* \* \* \* \*

The sentence is affirmed.  This case is reversed and remanded to the district court to enter an amended judgment.

_____