# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1947
_____

United States of America

*Plaintiff - Appellee*

v.

Titus J. Miller

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: April 11, 2023
Filed: May 15, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Titus Miller appeals the district court's[1] amended judgment after this Court remanded for clarification regarding allocation of a special assessment imposed under 18 U.S.C. § 2259A, the Amy, Vicky, and Andy Child Pornography Victim

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, now retired.

Assistance Act of 2018 ("AVAA"). See United States v. Miller, 23 F.4th 817 (8th Cir. 2022). Miller claims the district court exceeded the scope of the remand order. We affirm.

As part of his sentence for production of child pornography, in violation of 18 U.S.C. § 2251(a), the district court imposed a special assessment of $50,000 under the AVAA, awarding each of the five children $5,000 and the balance to be paid for the benefit of other children. We remanded, noting the penalties under the AVAA are not the same as restitution, cannot be paid directly to victims, and the amounts collected must be deposited into the Child Pornography Victims Reserve ("Reserve"). Id. at 819-20. Because it was unclear in the original judgment whether the district court intended the $50,000 AVAA assessment to be paid entirely into the Reserve, or whether some portion was meant to be designated as restitution, we remanded for clarification. Id. at 820.

On remand, the district court imposed the same $50,000 assessment, with the entire amount awarded under the AVAA. Miller unsuccessfully objected, contending the amount was improper due to his indigency and the court should not change its original sentence from what he interpreted as a restitution amount intended for the five victims. Miller appeals, asserting the district court exceeded the scope of the remand order and committed procedural error.

While Miller argues the district court exceeded the scope of the remand order by amending the judgment to require all $50,000 to be paid as an AVAA assessment, we specifically asked the district court to clarify its intention as to the AVAA assessment portion and the restitution portion. Nothing in our remand limited the remand to consideration of only the $25,000 that the court previously ordered be paid to the five victims, as Miller contends. Miller, 23 F.4th at 820 (remanding for consideration of whether all $50,000 should be awarded as an AVAA assessment, or whether some part should be an assessment and some part awarded as restitution). The district court directly responded to the issue we identified and determined the entire $50,000 was meant to be awarded as an AVAA assessment. The district court

-2-

did not exceed the scope of the remand order.  See Marshall v. Anderson Excavating & Wrecking Co., 8 F.4th 700, 711 (8th Cir. 2021) (noting we retain the authority to determine whether the district court followed our mandate).

Miller also argues the district court committed procedural error when it failed to consider the requisite factors for determining the amount of the assessment.  See 18 U.S.C. § 2259A(c) (stating the court should consider the factors set forth in 18 U.S.C. §§ 3553(a) and 2572 in determining the amount of the assessment).  Miller contends that because 18 U.S.C. § 3572(a)(1) includes consideration of the defendant's income, earning capacity, and financial resources, he cannot be both indigent and required to pay a $50,000 assessment.  Notably, Miller raised these arguments in the prior appeal, but our remand did not ask the district court to reanalyze how it arrived at the assessment amount.  Rather, it required the district court to specify which parts of the $50,000 amount, if any, were to be awarded as restitution and which parts shall be awarded an assessment to the Reserve.

Following our remand, the district court ordered the parties to submit briefs, with Miller specifically arguing the statutory factors do not support a $50,000 assessment for the benefit of the Reserve.  The district court described defense counsel as "among the best" and complimented counsel for their "hard work" in this case but was unpersuaded by Miller's arguments and ordered the entire $50,000 to be awarded as an AVAA assessment to the Reserve.  The district court complied with our mandate.

Finding no error, we affirm the district court's amended judgment.

_____

-3-