# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1990

_____

United States of America

*Plaintiff - Appellee*

v.

Donald T. Paris, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2016
Filed: March 17, 2016

_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Donald Paris, Jr., appeals his conviction for producing child pornography in violation of 18 U.S.C. § 2251(a). He challenges the district court's[1] denial of his motion for judgment of acquittal and maintains that a comment by the government's

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

attorney during closing argument warrants a new trial. We disagree with both his contentions and affirm.

After an employee at the Kansas City Public Library discovered Paris printing an email with a subject suggesting that its attachments contained child pornography, an investigation revealed that Paris had printed pornographic pictures of children at the library. The production charge derives from Paris's admissions to an investigating officer that he had taken approximately ten pictures of his four-year-old nephew while his nephew was changing clothes.

We review the denial of a motion for judgment of acquittal de novo but view the evidence in a light most favorable to the verdict. *United States v. Wallenfang*, 568 F.3d 649, 656 (8th Cir. 2009). We reverse only when no reasonable jury could have found the accused guilty. *Id.* We have characterized this standard of review as "exceedingly deferential." *United States v. Ward*, 686 F.3d 879, 882 (8th Cir. 2012).

Production of child pornography occurs when someone "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). "Sexually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Paris maintains that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to show that the pictures in question contained a lascivious exhibition of his nephew's genitals or pubic area. The pictures that were the subject of this prosecution were not in evidence—Paris admitted to destroying them, the cell phone with which he took them, and the memory card containing them, and investigators were unable to retrieve the images.

The absence of the images does not require an acquittal: We have found sufficient evidence to uphold a production conviction in testimony alone, *see United*

*States v. Coutentos*, 651 F.3d 809, 823 (8th Cir. 2011), and we conclude that Paris's admissions and the surrounding circumstances sufficiently support the jury's verdict. We frequently employ the non-exclusive *Dost* considerations in determining whether an image is lascivious, *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)), but as we have explained as a general matter, a picture violates § 2251(a) "when [it] shows a child nude or partially clothed, when the focus of the image is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer." *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002). Here, Paris admitted that he instructed his nephew to raise his shirt and pull down his pants. He also admitted to taking pictures while his nephew was changing underwear. Paris wavered on whether his nephew was completely nude or just had his pants down, but in either case his nephew was nude or partially clothed. The photographs also focused on his nephew's genitals or pubic area: Paris said that the pictures did not contain his nephew's face, and he framed them below his nephew's midsection.

The evidence also tended to show that the images were intended to elicit a sexual response in the viewer. Paris explained that he and his nephew were alone while Paris helped him change clothes. He positioned and manipulated his nephew by instructing him to lift his shirt for the pictures. *See Ward*, 686 F.3d at 883–84. Paris said that he attempted to molest his nephew while taking the pictures, and he forwarded the images to a fellow child pornographer with whom he communicated about child pornography only. *See Wallenfang*, 568 F.3d at 659. He apologized to his sister about betraying her trust, so he obviously did not think that the pictures were "innocent family photos, clinical depictions, or works of art." *See Ward*, 686 F.3d at 884. Paris covered his tracks by destroying his phone, camera, memory card, and any trace of the images. Finally, Paris possessed a child-pornography collection, admitted to molesting other young boys, and solicited boy models on Craigslist who were "not shy and . . . can withstand standing in front of others in their underwear or a diaper."

It is manifest from all of this evidence that the jury had more than ample evidence to convict Paris of producing child pornography in violation of § 2251(a).

Paris also maintains that the government's attorney committed reversible error during the rebuttal portion of his closing argument when he stated that Paris chose "to pull that phone out of his pocket, told him to lift up his shirt, pull the pants down, and zoom in." Paris's attorney objected immediately, arguing that no evidence in the record showed that Paris zoomed in on his nephew's pubic area. The district court responded by instructing the jury "to rely on their collective recollection with respect to the evidence." Paris argues that the "zoom" comment impermissibly affected the jury's lasciviousness finding because nothing indicated that Paris used the zoom feature on his cell phone to photograph his nephew. But this is not the necessary purport of the comment. The government's attorney may well have not used the word "zoom" in a technical, mechanical sense, and the jury may well have not understood it that way. The comment can be fairly interpreted to mean only that the focus and frame of the pictures that Paris produced were his nephew's pubic region. But the main point is that the effect of this alleged impropriety could have been only slight at best, and the district court's cautionary instruction would have cured any possible prejudice. *See United States v. Brown*, 702 F.3d 1060, 1065–66 (8th Cir. 2013).

Affirmed.

_____